## J. L. CABBOTT

*vs.*

## C. H. RADFORD, *et al*

*Hayward vs. Grant,* 13 *Minn.* 168, followed.

A complaint is not demurrable, because it fails to allege or to show that a promissory note declared on and set out *in hæc verba* is properly stamped.

This action was brought in the district court for Blue Earth county.   The   complaint   alleges, that   defendants   " made, executed and delivered to said plaintiff J. L. Cabbott, and one Lester, a promissory note," &c.   A copy of the note is set out in the complaint, in which " Cabbott & Lester " are named as payees.   The complaint also alleges that the whole amount of said note is due, &c., and " that said note was duly endorsed to this plaintiff before the commencement of this action by said Lester."  Plaintiff demands judgment, &c.  A demurrer was interposed as follows:

"FIRST—There is a defect of parties plaintiff in this, to-wit: Cabbott & Lester, who are the payees in the note set forth, ~ould both be joined as parties plaintiffs; and further, it does

not appear on the face of the complaint that J. L. Cabbott, the plaintiff herein, is one of the firm of Cabbott & Lester.

"SECOND—The complaint does not state facts sufficient to constitute a cause of action."

The demurrer was overruled, and the defendants appeal to this court from the order overruling the same.

CLARK & TIFFANY, for Appellants.

H. S. WILLSON, for Respondent.

*By the Court.*—BERRY, J.—While the complaint in this case is by no means to be commended, we are nevertheless of opinion that it sets up in a slovenly form a substantial cause of action in the plaintiff. The presumption is, that the "plaintiff J. L. Cabbott, and one Lester," to whom the note is alleged to have been *delivered*, were the payees and owners thereof, for the same reasons assigned for a like presumption in Hayward vs. Grant, 13 Minn. 168; and if so, then the alleged indorsement by the "*said* Lester" would vest the entire property in the note in the plaintiff. See *Chaffee vs. Taylor*, 5 *Allen* 598.

It is not alleged, nor does it appear, that the promissory note declared on and set out *in haec verba* in the complaint, is stamped as required by the laws of the United States.

In support of his general demurrer the defendant argues that the note is therefore to be taken to be void, so that the complaint states no cause of action.

To this argument there are, at least, two ready answers. First, a stamp is no part of a note; so that it does not follow that a note is unstamped, because no stamp or copy of stamp appears upon a copy of the *note* which the complaint purports to set out. As, in the absence of a showing to the contrary, the presumption would be that the note alleged to have been

*made* and *executed* was properly stamped, it could not in any event be said that a complaint in which it did not appear that it was not properly stamped failed to state a cause of action. *Smith vs. Jordan,* 13 *Minn.* 271; *Campbell vs. Wilcox,* 10 *Wallace* 422.

Second, it is only a fraudulent omission to affix a stamp which renders an instrument invalid. *Campbell vs. Wilcox, supra; Green vs. Holway,* 101 *Mass.* 243. So that even if it appeared affirmatively that there was no stamp upon the note in this case, it would not follow that it was therefore void.

Order overruling demurrer affirmed.