F. W. Benjamin and others *vs.* Robert Wilson and others.

February 17, 1886.

**Mechanic's Lien—Account may Include Several Liens.**—The verified account filed to secure a mechanic's lien under Gen. St. 1878, c. 90, §§ 1 and 7, may include two or more existing liens accruing in favor of the same person, and against the same person and property.

**Same—"Owner."**—The word "owner," as used in said section 1, does not mean the absolute owner of the building, but the owner of any estate or interest in the building which the court may order sold.

**Same—Interest in Land—Oral Agreement for a Lease.**—A right under an oral agreement to let the building, with the land, for a term of years, partly performed, so as to take the agreement out of the operation of the statute of frauds, is such an estate or interest.

The plaintiffs brought this action in the district court for Ramsey county, to enforce a mechanic's lien. The action was tried before *Brill*, J., who, on June 10, 1885, found the following to be facts, viz.:

In October, 1883, the defendants Wilson & Monkhouse went into possession of certain real estate and a building thereon, with the consent of one Pettibone, who had leased the same from one Gorman, the owner, for a term of two years ending August 14, 1885, and under a verbal agreement with Pettibone and Gorman that Pettibone would assign and transfer his lease to the defendants Wilson & Monkhouse, and that Gorman would extend the term so as to make it five years. In January, 1884, the plaintiffs sold and delivered to the defendants certain machinery, which, with other machinery, the defendants placed

in the building. The defendants also built, adjacent to this building, an engine-and-boiler house and occupied and used the premises for manufacturing sash and blinds. On March 14, 1884, the plaintiffs also sold and delivered to the defendants certain cylinder bolts, which were used in connection with the machinery, and were of the value of $7.20. In August, 1884, the defendants made a general assignment for the benefit of their creditors, and on September 15, 1884, the plaintiffs duly filed an account and affidavit to secure a lien on the premises for part of the purchase-money of the machinery furnished by them, and for the item of $7.20. The machinery was so placed in the building that it could be removed without injury to the building, and it was the understanding between Gorman and Wilson & Monkhouse that all such machinery could be removed. On September 15, 1884, under an order of court made in the assignment proceedings, all the assigned property was sold to defendant Major Hall, who has ever since been in possession thereof, operating the same and occupying the building under a lease made to him on October 1, 1884, by Gorman.

Upon these findings the court determined that, at the time the machinery was furnished, the defendants Wilson & Monkhouse had an equitable interest in the real estate, to which a lien attached in favor of the plaintiffs and is still preserved, and directed a sale of such interest to pay the full amount claimed by the plaintiffs.

Defendants appeal from an order refusing a new trial.

*Chas. D. Kerr*, for appellants.

*Young & Lightner*, for respondents.

GILFILLAN, C. J. By the verified account filed for the purpose of securing a lien, it appears that the item of $7.20 for bolts was no part of the machinery furnished under the written contract, but was a transaction independent of that contract. There is enough, however, in the account and affidavit to show a right to a lien for the price of the articles furnished under the contract, and also to a lien for the price of the bolts,—to two separate liens,—and, although a party cannot save one lien from being barred by lapse of time, by including in the verified account or statement another claim for a lien not yet barred, we see no good reason why he may not include in the same

statement two or more existing liens, when they accrued in favor of the same person, against the same person, and against the same property. For this reason it was not error to include the $7.20 in the judgment.

In this case the building into which the machinery was put was, it is to be presumed, a part of the real estate, and whatever estate or interest Wilson & Monkhouse had in the land extended to the building. That interest rested on an oral agreement by the tenant with them, (consented to by the landlord, the owner in fee,) under a written lease for two years, which had not expired when this case was tried and decided below, to assign the lease to them, and an oral agreement made with them at the same time by the landlord to extend the term to five years. Under their agreement they entered into the possession, and made improvements. There was therefore a part-performance that took the agreements out of the operation of the statute of frauds, and upon which the courts would enforce specific performance. They had, then, an equitable estate or interest, which the courts would recognize, and might order sold. That a mechanic's lien will reach an equitable estate or interest in the *land*, see *Carpenter* v. *Leonard*, 5 Minn. 119, (155;) *Atkins* v. *Little*, 17 Minn. 320, (342.)

But it is claimed by appellants, that while it is not necessary, to give rise to such a lien, that the person for whom the work is done, or the materials or machinery furnished, should be the absolute owner of the land, it is necessary that he should be the absolute owner of the building. If this claim be not well founded, then any interest in the building which the court may order sold is sufficient. There is no middle ground. The statute (Gen. St. 1878, c. 90, § 1,) provides that "whoever performs labor, or furnishes materials or machinery, for erecting, constructing, altering, or repairing any house, mill, manufactory, or other building or appurtenances, * * * by virtue of a contract or agreement with the owner or agent thereof, shall have a lien to secure the payment of the same, upon such house," etc., "together with the right, title, or interest of the person owning such house * * * on and to the land upon which the same is situated," etc.

The question is, in what sense does the statute use the word "owner?" Does the word mean only the absolute owner, or does it include a qualified owner? The word is not a legal term having a technical signification, but a word of common parlance, and is ordinarily defined as one having dominion over a thing. The statutes of the different states on the subject of mechanics' liens differ so much that an interpretation in one state is not always a guide to interpretation in another. The word "owner," sometimes referring to the building and sometimes to the land, occurs in most of them, and has generally (though there are a few exceptions) been construed as not requiring absolute ownership. *Ombony* v. *Jones*, 19 N. Y. 234; *Choteau* v. *Thompson*, 2 Ohio St. 114; *Dutro* v. *Wilson*, 4 Ohio St. 101; *Nordyke & M. Co.* v. *Hawkeye W. M. Co.*, 53 Iowa, 521; *Harman* v. *Allen*, 11 Ga. 45; *Alley* v. *Lanier*, 1 Cold. 540; *Hooker* v. *McGlone*, 42 Conn. 95; Phil. Mech. Liens, §§ 83, 84.

If the construction contended for is to prevail, then in all cases where the interest in the land is less than the fee, and the building is part of the realty, there can be no lien for labor done, or material or machinery furnished, for constructing or repairing it. A leasehold interest is frequently of as great practical value as the fee. The policy of the law includes buildings, a part of the realty, and held with the land under such an interest, as fully as land and buildings held in fee. To exclude from its operation cases where the interest in the building is less than the absolute ownership, would seriously impair its usefulness, and would be contrary to its spirit. We conclude that any interest which the court can order sold will support the lien.

There is nothing in the point on the newly-discovered evidence.

Order affirmed.