HEWSON-HERZOG SUPPLY CO. *vs.* JOSEPH P. COOK *et al.*

Submitted on briefs Dec. 15, 1892. Decided March 29, 1893.

**Mortgage when Subject to Subsequent Mechanics' Liens.**

*Held,* upon the facts in this case, that appellant's mortgage was not prior to the liens of the respondents, mechanics and material men.

**Mortgage, when not Subject to, Must be Prior in Point of Time.**

The mortgagees excepted by the provisions of Laws 1889, ch. 200, § 5, must not only be *bona fide,* but their mortgages must be prior in point of time to be paramount, and superior to the liens provided for in that chapter.

Appeal by defendant, the Pioneer Savings & Loan Company, from an order of the District Court of Hennepin County, *Lochren,* J., made March 14, 1892, denying its motion for a new trial.

*George D. Emery,* for appellant.

*Fletcher, Rockwood & Dawson; Spooner & Taylor; Ueland & Holt; A. B. Darelius; Albee Smith and Wadsworth & Wadsworth,* for respondents.

COLLINS, J. This was an action to foreclose a lien claimed by material men under the Law of 1889. The facts, as found by the court, in so far as they need be stated at this time, are that on August 1, 1890, defendant Cook was the owner of two contiguous lots in the city of Minneapolis. On or about that day he made application to defendant loan company for a loan of $6,000 on the lots, and then and there executed and delivered his promissory note for that sum, payable to the company. To secure the same, he also executed and delivered a mortgage upon the lots. These instruments bore date August 1, 1890, and the mortgage was that day placed upon record. Later the company refused to accept th's application, or to make the loan upon it, and on September 3d Cook made another application for a loan of the same amount, which was in writing, and was duly accepted. In this application it was stated that certain buildings were in process of construction upon these lots, which was the fact, and that the money applied for, was to be used in the erection of these

buildings. Just when the second application was accepted by defendant loan company was not found, but no money was paid out until October 1, 1890. All was thereafter paid out, but at different times; the last on January 12, 1891. It was also found that a bond was taken by defendant company from Cook, with two sureties, in the sum of $9,600, wherein it was recited that he was negotiating with the obligee company for a loan to be secured by a mortgage upon said lots; that, as an inducement to make the loan, he had promised to construct and complete certain buildings thereon forthwith; and that the property might become liable to the liens of mechanics and material men. This bond was conditioned for the completion of these buildings in four months from date, and for the payment of all claims for work or materials which were or might become liens upon the mortgaged property. The plaintiff corporation furnished its first item of material October 3d, while other lien claimants, made defendants under the statute, commenced their labor, or began to furnish materials, on different days between August 16th and November 4, 1890, except one corporation, and that furnished all of its materials in the month of March, 1891. The lien of the mortgagee was postponed to those of the various claimants, and, unless he was a *bona fide* prior mortgagee, thus coming within the exception found in the lien law, (section 5,) this ruling was correct. *Gardner* v. *Leck, ante,* p. 522, (54 N. W. Rep. 746.) Appellant's counsel relies upon *Hill* v. *Aldrich*, 48 Minn. 73, (50 N. W. Rep. 1020;) but from the foregoing statement of the facts it is apparent that there is a marked difference. At best, the note and mortgage had no effect as to the lien claimants until the second application was favorably acted upon by the loan company. The proof was ample to support the finding that the first, made before or at the time the note and mortgage of date August 1st were furnished, was rejected; so that, although the mortgage had been recorded, the loan company had no enforceable claim upon the land; nor did it have until the second application was accepted,—some time after September 3d, when dated, and before October 1st, when the first money was paid. Meantime, on August 16, 1890, one of the lien claimants commenced to work upon the building, and from this time the

lienors' rights as against an intervening mortgagee must date. The loan was not made upon the application which either preceded or accompanied the mortgage, but upon that bearing date September 3d. The old note and mortgage were for some reason allowed to stand; but as they had no vitality when the rights of the lien claimants attached, under the statute of 1889, the mortgage cannot displace these assured rights. Although the mortgage appears to be prior in point of time, it was not in fact, and the fact was susceptible of proof. The various exhibits introduced in evidence, and the oral testimony produced by plaintiff, all tended to establish the real condition of affairs, and were admissible for this purpose. The recitals in the application of September 3, 1890, and in the bond, the conditions of the latter, and the testimony as to what disposition was made of the first application, established, beyond doubt, that the buildings had been commenced before appellant loaned its money. In the *Hill-Aldrich Case* there was no controversy over the claim that Huntington loaned his money in good faith, and received his mortgage prior to the beginning of the work or the furnishing of materials. He was a *bona fide prior* mortgagee, protected under the provisions of section 5. Admitting that the good faith of this appellant was beyond question, it must be obvious that it was not a *prior* mortgagee. The mortgage must not only be *bona fide,* but *prior* in point of time, to be paramount, and superior to the liens of mechanics and material men.

Order affirmed.

Application for reargument denied April 19, 1893.

(Opinion published 54 N. W. Rep. 751.)