# ANDREW LINDHOLM v. H. H. HAMILTON AND ANOTHER. VAN SANT TRUST COMPANY, APPELLANT.[1]

April 11, 1924.

No. 23,761.

**Title of mortgagee may be subject to a mechanic's lien.**

1. A mortgagee in possession of real estate is an "owner" of real estate within the meaning of the mechanic's lien statute. So also is a mortgagee who holds the legal title and appears of record to be the absolute owner. In either case the title of the mortgagee may be subjected to a lien arising from an improvement to which he has consented.

**Mechanic who waives lien right may regain it by rescission of contract.**

2. Where a mechanic performs labor on an improvement of real estate under a contract whereby his lien right is waived and the other party breaches the contract, whereupon the mechanic rescinds, his lien is restored, inasmuch as he is by the breach and resulting rescission relegated to all lawful means of recovering the reasonable value of his services.

Action in the district court for Ramsey county to recover $545.77 against defendant Hamilton and to foreclose a mechanic's lien for the same. The case was tried before Michael, J., who made findings and ordered judgment in favor of plaintiff and intervener lumber company. From the judgment entered pursuant to the order for judgment, the Saint Paul Trust Company, formerly the Van Sant Trust Company, appealed. Affirmed.

*F. W. Foote*, for appellant.

*Harold Harris*, for respondent.

STONE, J.

Van Sant Trust Company, one of the defendants, appeals from a judgment subordinating its claim as a mortgagee of real estate to a mechanic's lien in favor of plaintiff. There are no other parties to this appeal. The only issue is between Lindholm and the Van

[1]Reported in 198 N. W. 289.

Sant Company. They will be referred to as plaintiff and defendant.

The real estate in question is a St. Paul residence property. Plaintiff's lien attached on September 13, 1922. The place was then vacant and defendant was at least in constructive possession, and on the record appeared to be the absolute owner. In fact it had the legal title, acquired in the manner now to be stated.

Some time before, defendant had made a loan to the Upper Michigan Land Company secured by a mortgage on other real estate. As additional security for that loan, the mortgagor assigned to defendant a mortgage on this residence property. Default occurring, defendant foreclosed that mortgage by advertisement and bid in the property at the foreclosure sale. The year of redemption had expired sometime before plaintiff's lien attached. Under the terms of the documents securing its original loan to the Upper Michigan Land Company, defendant, notwithstanding the foreclosure of the collateral mortgage on this residence property and its acquisition of the legal title thereto through the failure of redemption, is still only a mortgagee in possession. Notwithstanding that in fact and of record it holds the legal title, there is still an outstanding equity of redemption in the Upper Michigan Land Company or its assigns.

With the title in this condition and in September, 1922, plaintiff entered into a contract with H. H. Hamilton, one of the defendants. (For the purpose of this case, it may be assumed that Hamilton, as to this property, represents the Upper Michigan Land Company). The contract recited that Hamilton was the owner of the property, and it was thereby agreed that he and plaintiff would remodel the dwelling house into flats, plaintiff to do the work and Hamilton to furnish the material. Plaintiff's labor and Hamilton's material were to be charged against the property.

There was a specific provision to the effect that in the final accounting concerning the property "a mortgage indebtedness of $1,200 with interest from this date" should be paid to defendant. Finally, the surplus above the cost of the improvement and the $1,200 required for the mortgage debt was to be divided equally between plaintiff and Hamilton, "when the property is sold."

Plaintiff immediately began the performance of that contract. Pursuant thereto he performed the labor and furnished the materials which gave rise to the lien now sought to be enforced. Plaintiff had not progressed very far when Hamilton wholly failed to furnish the materials he had promised. Thereupon, plaintiff, exercising a clear legal right, rescinded his contract. So far as the title of Hamilton (or the Upper Michigan Land Company), is concerned, plaintiff's right to a lien is too clear for discussion.

Under the circumstances thus briefly outlined and others proven to his satisfaction, the learned trial judge held that defendant was the owner of the premises and "gave its consent to said Hamilton to take over the property;" that defendant "had full notice and knowledge of the performance of such labor and the furnishing of said material" by plaintiff and failed to serve any notice upon plaintiff by posting or otherwise that it did not assent to the improvement; and that "all of said work and labor and all of said materials rendered and furnished for the improvement of said premises were so rendered and furnished with the consent and at the instance" of defendant.

The record discloses abundant evidence to justify the findings. Neither they nor the resulting conclusions of law establishing plaintiff's lien right are open to attack because of the peculiar relationship of defendant to the title. Being a mortgagee in possession, having the legal title and, so far as the record discloses, being the owner of the property, defendant is in no position to claim the advantage, as against plaintiff's lien, ordinarily accorded to a bona fide prior mortgagee.

The most cogent circumstance against that conclusion is the recital in the contract between plaintiff and Hamilton of a mortgage indebtedness to defendant. That recital, being an acknowledgment by plaintiff of an outstanding mortgage indebtedness, might prevent his claiming priority against it, were it not for the peculiar facts of this case, which, when read in the light of the findings, show a consent by defendant to the improvement. That consent is not found to be so qualified that it can be considered as anything other than the consent of an owner to the improvement of real

estate in such manner as to subject the title of the owner so consenting to the resulting lien.

There can be no doubt at all that both defendant and Hamilton assented to the improvement. A question is made as to whether the former is an "owner" of the premises within the meaning of the mechanic's lien statute. We think it is. To be an owner within the meaning of this statute does not require absolute ownership. Benjamin v. Wilson, 34 Minn. 517, 26 N. W. 725. It is there pointed out that an owner is ordinarily "one having dominion over a thing." No one had so much dominion over the real estate here in question as defendant Van Sant Company. The title records indicated that it was the absolute owner. Upon the record before us, admirably reduced to its lowest terms by the findings, defendant cannot be permitted now to assert that it is not the owner so as to relieve the property of plaintiff's lien. Where the legal title to real estate is in a mortgagee who assents to an improvement, his title is subject to the lien arising from the improvement. It was so held in Price v. Merritt, 55 Mo. App. 640. The general principle applicable is stated in 18 R. C. L. 884.

We cannot adopt, as against the findings, the argument of defendant that plaintiff waived his lien right. Waiver is largely a matter of intention. There is nothing in this case compelling a conclusion that plaintiff's lien was waived. The question has been resolved the other way by the trial court.

On this phase of the case the conclusion might be otherwise if the contract between plaintiff and Hamilton could be considered controlling. That agreement is out of the case entirely. There was a clear breach of it by Hamilton, the prompt and justified rescission by plaintiff following. Nothing was left of the contract and it had no further effect. Upon its rescission, plaintiff was relegated to his right to recover in any lawful manner the reasonable value of his services and materials. The procedure under the mechanic's lien statute was open to him. He has adopted it and we find no legal objection to that course.

Judgment affirmed.