Peters, Appellant, vs. Bossman, imp., Respondent.

*May 8—June 3, 1924.*

*Mechanics' liens: Priority as against previously recorded mortgage: Consent of mortgagee to improvements made: Effect.*

A mechanic's lien for improvements made at the instance of the purchaser of property is not superior to the lien of a previously recorded second mortgage held by the vendor of such property, though the amount of both mortgages was in excess of the value of the property and the second mortgagee had knowledge of the improvements made, he neither being in possession nor asserting any right thereto, and therefore not being an owner within the meaning of sec. 3314, Stats. p. 257.

Appeal from a part of a judgment of the circuit court for Dodge county: C. M. Davison, Circuit Judge. *Modified and reversed.*

The plaintiff owned and leased to tenants for many years a farm which he sold to the defendant Julius O. Bossman September 30, 1920, subject to a first mortgage of $18,000 which the latter assumed. As security for part of the purchase price a second mortgage of $21,700 was given to the plaintiff and then duly recorded. The defendant purchaser entered into and remained in possession of the farm until after his bankruptcy in May, 1922.

Several conversations were had between the plaintiff and defendant Julius O. Bossman about the need of repairs to

the buildings on the farm and the necessity of a chicken house. Subsequent to such conversations defendant Julius O. Bossman hired his brother, the defendant and respondent· *William F. Bossman,* to build a chicken house, and such work was commenced March 20th and finished October 10, 1921. A claim of mechanic's lien for such work to the amount of $332 was asserted by *William F. Bossman* and duly filed.

In April, 1922, after such filing, this action was commenced to foreclose the said purchase-money mortgage of $21,700 for the whole amount of the principal thereof, together with accrued interest thereon and on the first mortgage.

The complaint alleged that the value of the premises was $32,000, subject to the two mortgages aforesaid, aggregating over $40,000.

The defendant *William F. Bossman,* by cross-complaint, asserted that his said claim of lien should be held prior to that of the second mortgage. Upon such issue the trial court adjudged that the mechanic's lien be deemed prior and superior to that of the second mortgage. From so much of the judgment plaintiff has appealed.

*August Kading* of Juneau, attorney, and *James F. Malone* of Beaver Dam, of counsel, for the appellant.

For the respondent there were briefs by *Lueck, Clark & Lueck* of Beaver Dam, and oral argument by *M. L. Lueck.*

ESCHWEILER, J. It is undisputed that plaintiff's purchase-money mortgage was duly recorded at the time the defendant Julius O. Bossman entered into possession of the farm pursuant to the conveyance of it to him by plaintiff, and that the said defendant remained in continuous possession of the said farm until long after the completion of the work.

It is claimed in support of the conclusion reached by the

trial court that the conceded general rule that plaintiff's mortgage, duly recorded and subsisting at the time the work was commenced and done upon the real estate, remains prior and superior to any claim of lien, is not applicable here for one or more of several contentions.

That by sub. (7), sec. 3314, Stats., providing among other things that such a mechanic's lien "shall also attach to and be a lien upon the real property of any person upon whose premises such improvements are made, such *owner* having knowledge thereof and consenting thereto," etc. Or:

Because the plaintiff, knowing of the work being done, has accepted the benefits.

The trial court made findings to the effect that the work in question was done at the special instance and request of the defendant Julius O. Bossman and with the knowledge and consent and approval of plaintiff and at the request of plaintiff made through Julius O. Bossman; that Julius O. Bossman agreed to pay the claimant for such work; and that the plaintiff by his acts and conduct agreed to pay *William F. Bossman.* Also that the relation of landlord and tenant did not exist between any of the parties.

In his decision, but not incorporated in the findings, is a statement by the trial court to the effect that, the two mortgages being in apparent excess of the value of the farm, plaintiff's ownership of the second mortgage, subject as it must be to the first mortgage, made him in effect the virtual owner of the real estate. Respondent also urges that the mortgage interest held by plaintiff was such an interest in the real estate as to warrant a conclusion that he, owning such an interest, was an "owner" within the language of the above quotation from the statute.

Julius O. Bossman was the owner and in possession of this real estate. The contract for the improvement was made with him alone and it is his interest in the real estate only that can be affected by the lien claimed. Any apparent consent by plaintiff that the work might be done and his

knowledge that it was being done are entirely immaterial, as much so as if by a landlord. *J. B. Alfree Mfg. Co. v. Henry,* 96 Wis. 327, 332, 71 N. W. 370; *Rohn v. Cook,* 165 Wis. 299, 305, 162 N. W. 183.

The record title and possession of Julius O. Bossman cannot be so summarily set aside. Plaintiff in no manner asserted any title by right of possession as owner during this period. A mortgagee out of possession, as here, is not regarded as the owner under such statutes. 18 Ruling Case Law, 885. Were he in possession claiming title before or after foreclosure the rule might be different. *Lindholm v. Hamilton* (Minn.) 198 N. W. 289.

The judgment so far as here presented cannot be supported on any theory.

*By the Court.*—Judgment modified by striking therefrom so much as declares the lien of the claimant prior or superior to that of the plaintiff.