## LORINE LONG v. MUTUAL TRUST LIFE INSURANCE COMPANY.[1]

June 26, 1936.

No. 30,816.

*Joseph L. Nathanson,* for appellant.
*Elof J. Carlson* and *Victor M. Petersen,* for respondent.

Stone, Justice.

In this case involving the title to real estate, the trial was without a jury except that the one subsidiary issue hereinafter mentioned was disposed of by special verdict. The decision was for defendant, and plaintiff appeals from the judgment.

[1]Reported in 268 N. W. 195.

Involved is title to an apartment house property in Minneapolis. In February, 1926, it was subjected to a $20,000 first mortgage by the then owners, which soon was assigned to defendant. Later in 1926 the property was encumbered by a second mortgage for $8,500. As assignee of that mortgage, plaintiff now claims what she wants declared a first lien on the property.

In November, 1927, defendant foreclosed the $20,000 mortgage. There was no redemption, but, in an appropriate action, the foreclosure was annulled for a defect in service of the foreclosure notice. The mortgage was immediately foreclosed a second time. Defendant bought in the property, and there has been no redemption from, and no attack on, the second foreclosure. Plaintiff's claim is that the result of that proceeding was to merge defendant's lien and interest under the first and foreclosed mortgage with the fee title and that, in consequence, her second mortgage for $8,500 has become the first lien.

Pending the proceedings for the annulment of the first and abortive foreclosure there were negotiations for a settlement which resulted in a contract of compromise, pursuant to which a quitclaim deed from the then owner of the fee, Mr. O. T. Berg, plaintiff's father-in-law, was delivered to defendant. That deed, as recorded, contained language in terms preventing the merger now claimed by plaintiff. The special issue submitted to the jury was whether the quitclaim deed was altered by "defendant, its agents or attorneys without the knowledge and consent of the grantors by including therein" the language just mentioned. The issue was answered in the affirmative. That verdict was not set aside and stands as part of the record. Its effect is nullified by special findings, adequately supported by evidence, which read as follows:

"That there was never any agreement or understanding between defendant herein and O. T. Berg or anyone else that the defendant's $20,000 mortgage should be merged with the quitclaim deed or satisfied thereby.

"That it was the intention of the defendant herein that there should be no merger of the $20,000 mortgage with the quitclaim deed but that the two estates should be kept separate and distinct;

and that the mortgage would be foreclosed again in the event the first foreclosure should be set aside by the court * * *.

"That it was also the understanding and belief of O. T. Berg as grantor in said quitclaim deed that there was no merger of defendant's $20,000 mortgage with the quitclaim deed but that the mortgage could be foreclosed over.

"That at all times it was to the best interest of defendant herein that its $20,000 mortgage should not be merged with the legal title in the quitclaim deed but that the said mortgage should survive."

Berg was owner of the fee at the time of the foreclosures, was a party to the contract of compromise, and he and his wife were the grantors in the quitclaim deed. In the record is abundant, contemporaneous, documentary evidence that Mr. Berg well understood that there would be no merger and that the second foreclosure was necessary and would be made in order to perfect title as against the second mortgage, now held by plaintiff, and several junior judgment liens. The negotiations resulting in the compromise agreement, pursuant to which the quitclaim deed was executed and delivered, as far as they are revealed in the evidence, argue conclusively against any thought on the part of any of the participants that a merger was intended or would result. In short, the evidence is factually conclusive against plaintiff's claim of merger. That being so, there can be no quarrel with the decision that the status of the matter was not affected by the alteration in the deed which the jury by special verdict charged to defendant.

The outstanding second mortgage was not the only reason why defendant should have taken care to avoid a merger. In addition, there were judgments against intervening owners of the property which were liens subject to the two mortgages. Mr. Berg, in writing, explicitly stated his understanding that, in order to get rid of all junior liens, plaintiff's mortgage would have to be foreclosed "over again."

There is no occasion to restate the rule that "when the legal and equitable estates meet in the same person, they do not merge if it be his intention to maintain them separate; and such intention is

presumed when it is clearly his interest that they should be kept apart." Horton v. Maffitt, 14 Minn. 216, 220 (289), 100 Am. D. 222; Flanigan v. Sable, 44 Minn. 417, 46 N. W. 854. See also 4 Dunnell, Minn. Dig. (2 ed. & Supp. 1932) §§ 6117, 6272, and 6273. The decision on the facts here results not alone from the presumption, but upon clear expressions of purpose that there should be no merger.

Judgment affirmed.