PAUL A. GEISSINGER AND ANOTHER v.
OSCAR ROBINS AND OTHERS.

143 N. W. (2d) 50.

May 27, 1966—No. 40,000.

---

*Robins, Davis & Lyons, Kenneth E. Tilsen,* and *John L. Tambornino,* for appellant.

*Buchmeier & Buchmeier* and *Joseph M. Buchmeier,* for respondents.

ROGOSHESKE, JUSTICE.

Defendant Oscar Robins appeals from a judgment ordering a sale of real estate to satisfy a mechanics lien declared to have priority over his legal title and mortgage interests therein.

The complaint alleged that plaintiffs contracted with defendants Oscar Robins and Charles J. Graf to furnish labor and materials for the repair of a building located upon land which at the time of the repairs was alleged to be owned by defendants Charles J. Graf and June Graf, with defendant Robins having "an interest therein by mortgage and agreement."

The only evidence upon trial to the court was submitted by plaintiffs. From the meager record it is undisputed that plaintiffs furnished materials and labor of the reasonable value of $2,047 resulting in improvements, not fully disclosed, to real property referred to in the testimony as the "University bowling alleys"; that the improvements were made between March 2, 1962, and May 18, 1962; and that plaintiffs were employed and promised payment by defendant Charles Graf, who supervised the work and furnished most of the materials. At the time of trial defendant Graf was deceased and plaintiffs expressly waived any personal claim against his estate. Based upon testimony that defendant Robins knew the repairs were to be made and appeared frequently to observe

the progress of the work, it is conceded that the court was justified in finding that he consented to the improvements. However, there is no evidence that he at any time personally contracted to employ or pay plaintiffs. The only other evidence consists of two exhibits entitled "Ownership and Incumbrance Report," furnished by the St. Paul Abstract and Title Guarantee Company, certifying that defendant Robins was "the apparent record owner" of the real property at the time the improvements were made. Defendant Robins concedes that these exhibits[1] disclose the following documents of record in the Ramsey County register of deed's office:

(1) Warranty deed to Charles and June Graf.

(2) Mortgage in favor of Dunn & Stringer Realty Company, dated December 10, 1959, filed December 16, 1959.

(3) Mortgage in favor of Mabel A. Siltman, dated November 4, 1960, and filed November 16, 1960.

(4) Mortgage in favor of Oscar Robins, dated January 12, 1961, filed January 18, 1961.

(5) Quitclaim deed from Charles J. Graf and wife to Oscar Robins, dated December 12, 1961, filed December 14, 1961.

(6) Mechanics lien, Paul A. Geissinger and James Mitchell, against Oscar Robins and Charles J. Graf, dated July 2, 1962, filed July 2, 1962.

(7) Agreement between Charles J. Graf and Oscar Robins, dated December 11, 1961, filed July 19, 1962.

At the close of plaintiffs' case in chief, defendant Robins moved for a dismissal upon the ground that plaintiffs had wholly failed to prove that he was liable to them under an alleged contract of employment. The trial court denied the motion and subsequently found that defendant Robins

---

[1] The exhibits in the form of a partial abstract of the records contain no entries of the warranty deed to the Grafs nor the quitclaim deed from them to defendant Robins. However, the date and book and page of the record of the quitclaim deed is referred to in an entry entitled "Affidavit" filed by June Graf on July 19, 1962, disclosing that "it was not intended that said quit claim deed was to be effective as a final conveyance of the title to said premises; and that said quit claim deed is in fact a mortgage to secure the repayment of a loan."

had notice of the improvements and consented thereto and that when the first item of labor and materials was furnished on March 2, 1962, title to the property "was vested" in Robins. Based thereon, the court concluded that his interest as a prior mortgagee and as the holder of legal title of record was subordinate to plaintiffs' lien.

In denying defendant Robins' motion for amended findings or a new trial, the court acknowledged that he did not "grasp the full import of the evidence" at trial and that the variance between the allegations and proof was such that "[a] new trial should probably be ordered if it would perhaps affect the result." However, upon counsel's representation that "the agreement recorded after the filing of the quit claim deed fully expresses the agreement between the two defendants, and would constitute all of their proof," the court concluded that plaintiffs' right to the lien would be unaffected, since at the time of the improvement the record title to the property was in defendant Robins and the rights and liabilities were fixed at that time and would not be changed by an agreement subsequently recorded.

On appeal, defendant Robins contends that the court should have dismissed the action because of the fatal variance between the allegation and proof with respect to his asserted contractual liability; or in any event, should have granted his motion for a new trial to afford him an opportunity to offer proof that he was not the owner of the property within the meaning of the mechanics lien statute.

We are not persuaded by the claim that the issue of ownership was neither suggested by the pleadings nor at least raised by plaintiffs' proof and thus litigated by consent.[2] We find it difficult to understand why defendant Robins failed to go forward with evidence to rebut what the trial court understandably regarded as prima facie proof of his ownership. Since the term "owner" as used in the mechanics lien statute does not require proof of "absolute" ownership but has been broadly interpreted to include any interest which the court may order sold,[3] the evidence submitted by plaintiffs would appear sufficient to at least subject

---

[2] Rule 15.02, Rules of Civil Procedure.

[3] Benjamin v. Wilson, 34 Minn. 517, 26 N. W. 725.

the interest defendant Robins acquired by the quitclaim deed to the lien.[4] However, the effect of the judgment is to also subordinate defendant Robins' prior mortgage interest to the lien. The statutes[5] grant preference to a bona fide prior mortgagee's interest. Mere knowledge and consent to improvements by one holding such an interest would not appear sufficient to accord the mechanics lienholder preference.[6] Thus, the mortgage interest could only become subordinate to the lien if the title conveyed by the quitclaim deed resulted in a merger of his legal and equitable estates. This being the necessary consequence of the judgment, the court's implied determination of this issue cannot be upheld without resort to the rules governing the merger of estates in land. It is well established that when the legal and equitable estates meet in the same person, whether a merger results depends upon a factual determination of the intention of the parties.[7]

It is obvious that the evidence is not sufficient to resolve this issue of merger. The record does not reveal that it was one of the issues presented or that the court was made aware of its existence. Apart from urging dismissal upon procedural grounds, defendant Robins contended simply that mere proof of legal title was insufficient to establish that he was an "owner" within the meaning of the mechanics lien statute.

We would be inclined to agree with the court's determination of the issue of ownership were it possible to ignore the issue of merger, which the facts of this incomplete record suggest may be replete with potentially far-reaching and difficult legal problems. It follows that a new trial must be granted.

Reversed and new trial granted.

---

[4] See, Lindholm v. Hamilton, 159 Minn. 81, 198 N. W. 289.

[5] Minn. St. 514.05 and 514.06.

[6] See, Hill v. Aldrich, 48 Minn. 73, 50 N. W. 1020. See, also, Hewson-Herzog Supply Co. v. Cook, 52 Minn. 534, 54 N. W. 751; Peters v. Bossman, 184 Wis. 254, 199 N. W. 65.

[7] St. Paul Mercury Ind. Co. v. Lyell, 216 Minn. 7, 11 N. W. (2d) 491; Losleben v. Losleben, 199 Minn. 227, 271 N. W. 463; Long v. Mutual Trus' Life Ins. Co. 197 Minn. 623, 268 N. W. 195.