### MINNESOTA WOOD SPECIALTIES, INC., Respondent,

v.

### Emil L. MATTSON, Sr., Appellant,

### Twin City Acoustics, Inc., Respondent.

### No. 48262.

Supreme Court of Minnesota.

Dec. 22, 1978.

---

O'Connor & Hannan and James R. Dorsey, Minneapolis, for appellant.

Meier Kennedy & Quinn and Gordon W. Shumaker, St. Paul, Craig D. Larson, Champlin, for respondents.

WAHL, Justice.

Appeal from a judgment imposing and ordering foreclosures of mechanics liens claimed by respondents Minnesota Wood Specialties, Inc., and Twin City Acoustics, Inc. Appellant, Emil L. Mattson, Sr., contends that the lien claimants were required to serve a copy of the lien statement on him to perfect their liens because he was the vendee under a contract for deed recorded prior to the dates the lien statements were served. He also challenges the adequacy of the respondents' bills of particulars and the sufficiency of the evidence. We affirm.

The facts are largely undisputed. Hemisphere Development, Inc., was a general contractor and the owner of a lot in Shoreview on which it constructed an office building, financing for which was acquired by a loan secured by a mortgage executed and filed for record in the office of the Ramsey County register of deeds in November 1974 and later assigned to Crown Life Insurance Company. In early 1975, Hemisphere undertook construction, which was completed by April 1, 1975. On that date, it

entered into a contract for deed with appellant Mattson, which he filed for record on May 19, 1975.[1] On June 11, 1975, Hemisphere conveyed the premises to defendant Alvin S. Malmon by warranty deed recorded the next day. On November 13, 1975, Malmon conveyed the premises to Mattson by warranty deed recorded on January 26, 1976.

Hemisphere entered two written contracts with Minnesota Wood and one with Acoustics, in February and March, 1975, under which Minnesota Wood agreed to furnish doors for the office building for a price of $4,508.80 and Acoustics agreed to furnish and install acoustical ceiling tile for $5,100. Under an oral agreement, Acoustics also furnished some additional material and labor. Minnesota Wood furnished all materials required by its contracts by March 3, 1975; Acoustics furnished all materials and completed its labor by March 19. On May 30, 1975, within the 90 days required by Minn.St. 514.08, Minnesota Wood filed a verified mechanics lien statement on Hemisphere by certified mail. On June 17, also within the 90 days required by § 514.08, Acoustics filed its verified mechanics lien statement for $5,173.20, and on the same day served a copy on defendant Malmon by registered mail.

Minnesota Wood commenced this action to foreclose its lien in February 1976, within a year after it had furnished the last item for which the lien was claimed, as is required by § 514.12, subd. 3. Acoustics, named a defendant, also sought timely foreclosure of its lien.

At trial, the lien claimants introduced evidence that the contract prices for the labor and material they had furnished represented the reasonable value of such labor and material.[2] Acoustics' president also testified that the prices charged for additional items furnished pursuant to oral agreement represented their reasonable value. The trial court concluded that Minnesota Wood was entitled to judgment against Hemisphere for $4,508.80, with interest thereon and attorneys fees; that Acoustics was entitled to judgment for $5,173.20, interest, and attorneys fees; that each was entitled to a lien of coordinate standing junior to Crown Life's mortgage; and that they were entitled to judgment ordering foreclosure of the liens.

On this appeal Mattson contends that the liens are invalid, primarily on the ground that in order to perfect their liens claimants were required by Minn.St. 514.08, subd. 1(2), to serve a copy of their lien statements on a party having a vendee's interest under a recorded contract for deed entered after the labor and materials had been furnished. Minn.St. 514.08, subd. 1, provides:

"Subdivision 1. The lien shall cease at the end of 90 days after doing the last of such work, or furnishing the last item of such skill, material, or machinery, unless within such period:

"(1) A statement of the claim therefor, be filed for record with the county recorder[3] of the county in which the improved premises are situated, or, if the claim be made under section 514.04, with the secretary of state; and

"(2) A copy of such statement be served personally or by certified mail on the owner or his authorized agent or the person who entered into the contract with the contractor."

Appellant argues that he was the "owner" for the purpose of service under § 514.-08, subd. 1(2), and that the liens thus terminated because copies of the lien statements were not served on him. He argues that Hemisphere and later Malmon were not owners because they held legal title to the premises merely as security for the amount owed under the contract for deed. Pointing

---

1. By an agreement also dated April 1, Hemisphere agreed to indemnify Mattson against mechanics liens resulting from the construction and against any costs he might incur to eliminate such liens.

2. Minnesota Wood abandoned its claim for a service charge of $84.35, which had increased its lien claim by that much over the contract price.

3. Formerly the register of deeds. See, Minn.St. 386.001.

out that the relationship between vendee and vendor in a contract for deed is like that of a mortgagor and mortgagee, he urges that this similarity requires a holding that a vendor is not an owner under the statute. He argues also that neither Hemisphere nor Malmon was "the person who entered into the contract with the contractor." We need not consider the latter contention because we are satisfied that the holder of the legal title to the property is an "owner" under § 514.08, subd. 1(2).

■ When they were served, Hemisphere and Malmon possessed a legal interest which under prior judicial construction of the mechanics lien statute qualified each as an owner. When § 514.08, subd. 1(2), was added to c. 514 by L.1973, c. 247, "owner" had been broadly interpreted in past decisions to include any interest which could be sold. *Dunham Associates v. Group Investments, Inc.*, 301 Minn. 108, 223 N.W.2d 376 (1974); *Geissinger v. Robins*, 274 Minn. 215, 143 N.W.2d 50 (1966); *Atkins v. Little*, 17 Minn. 320 (421) (1871). Words and phrases which have acquired an established meaning by judicial construction are deemed to be used in the same sense in a subsequent statute relating to the same subject matter. *Jones v. Fiesel*, 204 Minn. 333, 283 N.W. 535 (1939); Minn.St. 645.-17(4). We conclude that since the legislature did not define owner for purposes of § 514.08, the word must be held to include holders of a legal estate subject to a contract for deed.

■ Nor did the legislature specify that owners of all estates be served. Applying the principle that mechanics lien laws are to be liberally construed so as to protect the rights of workmen and material-men who furnish labor and material for the improvement of real estate, and that a construction which will sustain the lien is preferable to one which will invalidate it, *Armco Steel Corp. v. Chicago & N. W. Ry. Co.*, 276 Minn. 133, 149 N.W.2d 23 (1967), we also hold that a lien claimant is not required by § 514.08, subd. 1(2), to serve a copy of his statement on all persons having interest in the property.

■ We recognize that serving a copy of the lien statement on the "owner" has much the same purpose as the filing requirement in § 514.08, subd. 1(1)—"to put the owner on notice that the contractor is not paying his bills." *Albert and Harlow, Inc. v. G. N. Ry. Co.*, 283 Minn. 246, 250, 167 N.W.2d 500, 504 (1969). Other courts have held that the requirement of serving a copy of the lien statement on the owner has the purpose of advising him of the extent of the lien and enabling him to avoid paying it twice. *Toler v. Satterthwaite*, 200 Kan. 103, 434 P.2d 814 (1967); Annotation, 76 A.L.R.3d 605, 609. Nevertheless, in the absence of a definition of owner in § 514.08 which would plainly advise lien claimants that they are required to serve a copy of the lien statement on the holder of a vendee's interest, or to serve a copy of the statement on all owners of estates in the property, it does not seem reasonable to hold that the legislature intended to impose such a requirement.

Appellant relies on *C. W. Stark Lbr. Co. v. Sether*, 257 N.W.2d 556 (Minn.1977), where this court held that a vendee of an unrecorded executory contract for the sale of property on which the vendor as general contractor constructed a house, was entitled, pursuant to § 514.011, subd. 2, to receive prelien notice from subcontractors of their contributions to the property if the vendee had acquired his interest before improvements were made. *Stark* does not furnish guidance here.

We conclude that claimants complied with § 514.08, subd. 1(2) by serving a copy of their lien statements on the holder of the legal title.

■ Appellant's next contention is that neither claimant furnished a sufficient bill of particulars under § 514.13, which provides:

"Each lienholder shall attach to and file with his complaint or answer a bill of the items of his claim, verified by the oath of some person having knowledge thereof, and shall file such further and more particular account, as the court may at any time direct. Upon his failure to file such

original or further bill, his pleading shall be stricken out and his claim disallowed. No failure to comply with any of the provisions of this chapter shall affect the right of any person to recover, in an ordinary civil action, from the party with whom he has contracted."

While it appears to us that the bills were sufficient to apprise appellant of the nature and extent of the claims, this question was not raised in the trial court until claimants had presented their cases. The statute clearly contemplates that a defendant who contends that a bill of particulars is inadequate shall move before trial for an order requiring that the claimant furnish a supplemental bill. The objections were untimely and cannot be permitted to invalidate the liens.

Appellant's final contentions, that the evidence relating to the reasonable value of the material and labor furnished by claimants was insufficient and lacked foundation, are also without merit.

Affirmed.

OTIS, J., took no part in the consideration or decision of this case.