In the Matter of the Petition of COMMERCIAL STATE BANK IN ST. PAUL in Relation to Certificate of Title No. 24474 Issued for land in the County of Washington and State of Minnesota and Legally Described as Follows: Lots One through Seven (1 through 7) Block Four (4) of the Farmer's Terminal Packing Company's Addition to the Village of Newport.

Nos. CX–85–2079, C9–85–2283.

Court of Appeals of Minnesota.

June 3, 1986.

Jerrold M. Hartke, The Hartke Law Firm, S. St. Paul, for appellant King Realty, Inc.

James A. Gallagher, Jerome B. Simon, Maun, Green, Hayes, Simon, Johanneson & Brehl, St. Paul, for respondent Commercial State Bank.

Thomas C. Grindberg, Wyoming, for respondents Richard and Kathleen Werner.

Considered and decided by SEDGWICK, P.J., and PARKER and FORSBERG, JJ., with oral argument waived.

## OPINION

PARKER, Judge.

The trial court issued a new certificate of title, free of existing memorials, to respondent Commercial State Bank pursuant to a proceeding subsequent under Minn.Stat. § 508.59 (1984). Appellant King Realty, Inc., sought to have a memorial on the existing certificate reflecting its alleged mechanic's lien carried forward. We affirm the trial court's order and award Commercial attorney's fees and costs attributable to this appeal.

## FACTS

In 1974 Commercial State Bank obtained a first mortgage on the Newport Shopping Center in Washington County. Commercial initiated a mortgage foreclosure proceeding because respondents Richard and Kathleen Werner, as successors-in-interest to the initial mortgagor, were in default on the mortgage. On October 30, 1984, Commercial purchased the mortgaged property at the Sheriff's sale.

After expiration of the redemption period, Commercial commenced a proceeding subsequent in Washington County District Court to cancel the existing certificate and to obtain a new certificate of title on the property, free of existing memorials. When the matter came before the trial court for a hearing on an order to show cause, two parties objected to the cancellation of the existing certificate and issuance

of a new certificate. The Werners objected on the grounds that the proceeding had not been properly commenced and that the foreclosure proceeding should be set aside for other substantive reasons. King Realty, a firm owned by the Werners, sought to have a memorial on the existing certificate, reflecting its alleged mechanic's lien, carried forward on the theory that Commercial had consented to the improvements by King Realty and had subordinated its mortgage to the mechanic's lien filed by King Realty.

The Washington County Examiner of Titles examined the record of the foreclosure proceeding and submitted an original and supplemental report recommending that the court reject all objections that had been raised to the issuance of a new certificate. The parties submitted conflicting affidavits which addressed whether Commercial had consented to improvements by King Realty.

On October 4, 1985, the trial court issued its order and memorandum, including findings that (1) Commercial's foreclosure proceedings were regular on their face; (2) the Werners had demonstrated no irregularity in the foreclosure proceedings; (3) the Werners' other substantive claims relating to the foreclosure should be determined in a separate action they had commenced; (4) Commercial and King Realty never intended that Commercial's mortgage be subordinate to any mechanic's lien interest held by King Realty; and (5) Commercial never authorized or ratified any improvements by King Realty.

The trial court directed the Registrar to cancel the existing certificate to the property and to issue a new certificate free of the specific memorials identified in the order. After issuance of this order, but before a new certificate was actually issued, a notice of lis pendens was filed based on the Werners' separate action, and Commercial issued a deed to a subsequent purchaser. As a result of these additional filings, the trial court issued an amended order and memorandum on November 7, 1985, directing the Registrar to continue the memorials pertaining to these new filings on any new certificate issued to Commercial as a result of these proceedings.

King Realty subsequently appeals from both the initial order and the amended order. The Werners do not appeal from either of these orders. Commercial seeks attorney's fees and damages attributable to this appeal under Minn.R.Civ.App.P. 138 and Minn.Stat. § 549.21.

## ISSUES

1. Did the trial court err in issuing Commercial a new certificate of title free of existing memorials?

2. Is Commercial entitled to attorney's fees and costs attributable to this appeal?

## DISCUSSION

### I

King Realty argues that this proceeding subsequent was not properly commenced because the "duly verified petition" for the new certificate of title was never served upon King Realty and other parties who arguably had an interest in the property. However, the trial court correctly concluded that "due notice" as required by Minn.Stat. § 508.59 is to be in the form of an order to show cause, as specified by the Code of Rules for the District Courts, Part II, Rule 15. This action was properly commenced because King Realty was served with an order to show cause.

King Realty next argues that its mechanic's lien statement, which was filed after commencement of the foreclosure proceeding, causes the lien to survive the foreclosure. Minn.Stat. § 514.05 (1984) provides in pertinent part:

All such liens, as against the owner of the land, shall attach and take effect from the time the first item of material or labor is furnished upon the premises for the beginning of the improvement, *and shall be preferred to any mortgage or other encumbrance not then of record*, unless the lienholder had actual notice thereof. As against a bona fide

purchaser, mortgagee, or encumbrancer without notice, no lien shall attach prior to the actual and visible beginning of the improvement on the ground * * *.

*Id.* (emphasis added).

The trial court reviewed the parties' conflicting affidavits and found that (1) the parties never intended Commercial's mortgage to be subordinate to any mechanic's lien interest held by King Realty, and (2) Commercial never authorized or ratified any improvements by King Realty. King Realty relies on two cases to support its proposition that a prior mortgage may be subordinate to a subsequent mechanic's lien claim. *See Lindholm v. Hamilton,* 159 Minn. 81, 198 N.W. 289 (1924); *Geissinger v. Robins,* 274 Minn. 215, 143 N.W.2d 50 (1966). Both the Examiner of Titles and the trial court found these cases easily distinguishable from the instant proceeding.

In *Lindholm* the mortgagee was in possession of the real estate at the time the lien improvement was made, was the record owner of the property, and was fully aware that the improvements were being made. *Id.,* 159 Minn. 81, 198 N.W. 289. In this case Commercial never consented to the improvements and was a bona fide mortgagee at the time the improvements were made.

In *Geissinger* the mortgagee had obtained record title to the property by quit-claim deed rather than by foreclosure. Thereafter certain improvements were made to the property with the mortgagee's full knowledge and consent. The trial court held that the mortgagee's interest was subordinate to the interest of the mechanic's lienholder. On appeal the supreme court reversed and granted a new trial, holding that mere knowledge and consent by the mortgagee was not sufficient to accord preference to the mechanic's lienholder absent proof that the mortgagee's interests in the property had merged. While the evidence in *Geissinger* was sufficient to subject the mortgagee's interest to the lien, the supreme court nevertheless granted a new trial on the issue of whether the mortgagee's legal and equitable estates in the property had merged when the property was conveyed to him by quit-claim deed. *Id.*

This case is also distinguishable from *Geissinger.* Here, Commercial acquired title substantially after King Realty's lien attached, not before as in *Geissinger.* Commercial's title was eventually acquired by foreclosure, not by quit-claim deed. King Realty was a party to that foreclosure and did not redeem.

Because the record in this case affirmatively deals with the merger issue, remand is unnecessary on this issue. Commercial's vice president flatly denied that Commercial had any knowledge of King Realty's involvement in making repairs or improvements to the property prior to King Realty's filing of its mechanic's lien in November 1984. He further testified that Commercial had never intended to merge its interest as mortgagee with its interest as purchaser at the foreclosure sale in such a manner as to cause any lien claimant, including King Realty, to have a greater priority than Commercial had as mortgagee. As properly observed by the trial court, there is simply *no* evidence that such a merger was intended.

Given the state of the record, it was fully within the trial court's discretion to accept Commercial's factual contentions as opposed to those advanced by King Realty. *Jadwin v. Kasal,* 318 N.W.2d 844, 847 (Minn.1982). King Realty had notice of the mortgage and the foreclosure proceeding and did not exercise its redemption rights. The trial court found that Commercial's foreclosure proceeding appears regular on its face and that the opposing affidavits demonstrate no irregularity. Thus, the Sheriff's certificate should be accepted as prima facie evidence of fee title in the purchaser as ascribed in Minn.Stat. § 580.-19 (1984).

## II

Commercial has moved for attorney's fees and costs attributable to this appeal. This court has discretion under Minn.Stat. § 549.21 (1984) to charge costs and reasonable attorney's fees when a par-

ty has acted in bad faith by asserting claims known to be frivolous or by asserting an unfounded position solely to harass or delay the proceedings. *In re Estate of Goyette*, 376 N.W.2d 438, 443 (Minn.Ct. App.1985).

This appeal was filed in the face of two reports by the Examiner of Titles and a detailed trial court order and memorandum that found King Realty's claims to be meritless. King Realty has failed to cite any competent authority challenging the trial court's authority to issue a new certificate of title to Commercial. Moreover, its brief was of little value to this court in resolving the issued raised. Statutes were improperly cited, well-settled rules of law ignored, and the appendix required by Minn.R.Civ.App.P. 130.01 omitted. Accordingly, we award $500 toward the costs and attorney's fees Commercial has expended in connection with this appeal.

## DECISION

The trial court correctly ordered the issuance of a new certificate of title, free of existing memorials, to Commercial. Commercial is entitled to costs and attorney's fees of $500 in connection with this appeal.

Affirmed.