**Alvin A. COX, Respondent,**

v.

**FIRST NATIONAL BANK OF AITKIN, Appellant.**

No. C9-87-859.

Court of Appeals of Minnesota.

Nov. 24, 1987.
Review Denied Jan. 20, 1988.

appointment of that person is in the best interests of the ward or conservatee.
Minn.Stat. § 525.551, subd. 5 (1986).

John Remington Graham and James R. Stuart, Aitkin, for respondent.

Andrew J. Mitchell and Richard A. Nordbye, Larkin, Hoffman, Daly & Lindgren, Bloomington, for appellant.

Heard, considered and decided by FORSBERG, P.J., and LANSING and NIERENGARTEN, JJ.

## OPINION

LANSING, Judge.

First National Bank of Aitkin appeals the trial court's ordering a sheriff's sale and awarding the proceeds to a mechanic's lienholder over the bank's prior recorded mortgage. We affirm the validity of the lien and reverse the trial court's award of priority.

## FACTS

Dale Vandenberg purchased Warren's Bait Shop from Richard K. Warren on a contract for deed in March 1981. Vandenberg mortgaged the property to the First National Bank of Aitkin on November 14, 1981, and as part of the transaction gave the bank a quit-claim deed. The bank filed the mortgage and contract for deed on November 20, 1981; the quit-claim deed was held by the bank and not recorded.

Fire destroyed the bait shop building on February 28, 1983. Shortly after the fire, Vandenberg contracted with Alvin Cox to rebuild the bait shop for $89,500.

In an unrelated visit to the bank, Cox mentioned to bank officers his agreement with Vandenberg to rebuild the bait shop. He acknowledged that bank officers told him to be cautious about the building project. The vice president of the bank said that he talked to Cox either shortly before or just after construction began. He told Cox that the bank would not finance Dale Vandenberg and that Cox should be "sure where his financing was coming from."

Cox began construction in May 1983. Vandenberg paid him $10,000 that month. Although he received no further payment,

he continued to work on the property until August 18, 1983. On that day, he secured the building against weather damage and stopped construction. The next day, Cox filed a mechanic's lien for $89,500. Cox had served the lien on Vandenberg four days earlier, but did not serve the bank, as mortgagee, nor Richard Warren, who still held legal title to the property. A year later, Cox brought this action against Vandenberg and the First National Bank of Aitkin to enforce his lien for $42,925.96.

In a separate, previous action the court determined that the bait shop fire was the result of arson. Warren, the fee holder and loss payee, was awarded the insurance proceeds. In another action the court ordered Warren to transfer legal title to the bank. This order was entered after the bank foreclosed its mortgage and in September 1985 obtained a sheriff's certificate of sale for the property.

This action was tried in September 1986, and on February 3, 1987, the trial court filed its findings, conclusions and order for judgment, including an order for a sheriff's sale of the property to satisfy the $42,-925.96 lien, plus interest, disbursements and costs.

The trial court heard the bank's motion for amended findings and conclusions and for judgment notwithstanding the verdict on April 13, 1987. On May 4, 1987, before the court had ruled, the bank filed this appeal to preserve its appeal rights on the original judgment. On May 6, 1987, the trial court filed its order. Although the findings and memorandum were expanded, the conclusions remained the same: Cox was entitled to the proceeds of a sheriff's sale enforcing the lien.[1] Vandenberg, who discharged his debt to Cox in a bankruptcy proceeding, was dismissed from this action.

## ISSUES

1. Is the mechanic's lien invalid because the lienor (a) failed to give pre-lien notice, (b) overstated the lien amount, or (c) failed to serve the legal fee holder?

2. Did the trial court err in finding the mechanic's lien superior to the mortgage?

## ANALYSIS

### I

Although the trial court's written findings were sparse, it did specifically find that Cox filed a mechanic's lien and provided notice to Vandenberg. The court apparently rejected all of the bank's claims that the lien did not attach, and the bank raises these arguments again on appeal.

■ Mechanic's lien laws are strictly construed when determining whether a lien attaches, but are liberally construed once the lien has attached. *Dolder v. Griffin*, 323 N.W.2d 773, 779–80 (Minn.1982); *Enviro-Fab, Inc. v. Blandin Paper Co.*, 349 N.W.2d 842, 846 (Minn.Ct.App.1984), *pet. for rev. denied* (Minn. Sept. 12, 1984). A question of whether the lien has attached, therefore, deserves close scrutiny.

### A. Is the lien invalid because Cox failed to provide pre-lien notice?

■ Minn.Stat. 514.011, subd. 1 (1982), requires contractors who contract with subcontractors or material suppliers to give pre-lien notice to the owner of the property on which the improvement is to be made.

Cox did not claim that he served pre-lien notice on Vandenberg. However, there is no evidence that Cox contracted with subcontractors or material suppliers for this project. The bank's attempt to use Cox's listing of a $12,578.53 expenditure for lumber and materials to establish the requirement of a pre-lien notice is unavailing. We find no error in the trial court's failure to invalidate the lien for lack of pre-lien notice.

### B. Is the lien void because it was originally filed for the wrong amount?

■ Cox filed his mechanic's lien in August 1983 for $89,500, the total amount due for the completed construction. However, the job was only partially completed,

---

1. Although the trial court no longer had jurisdiction of the case after this appeal was filed, we refer to the amended findings and memorandum to the extent it explains the original order.

and Cox was entitled to only $42,925.96 for his itemized labor and materials.

Minn.Stat. § 514.74 prohibits the filing of a lien for an amount in excess of that justly due. Minn.Stat. § 514.74 (1982). Mechanic's liens filed for more than the amount due are not enforced if the "motive amount[s] almost to bad faith." *See Delyea v. Turner*, 264 Minn. 169, 184, 118 N.W.2d 436, 446 (1962) (quoting *Aaby v. Better Builders, Inc.*, 228 Minn. 222, 226, 37 N.W.2d 234, 236 (1949)).

The trial court found that the filing of the lien for $89,500 was an honest mistake which was corrected when Cox filed suit for the correct amount of $42,925.96. Although such an overstatement could be evidence of bad faith, determination of motive is a factual finding reserved to the trial court. An initial overstatement of the amount is insufficient to require a finding of bad faith as a matter of law, particularly when there is a trial court finding of honest error. We find no error in the trial court's failure to void the lien on this basis.

### C. Is the lien invalid because it was not served on the legal fee holder?

■ Minnesota law requires the lien claimant to file the claim with the county recorder and serve a copy on the owner of the property or the person who contracted for the work. Minn.Stat. § 514.08, subd. 1 (1982). "Owner" means all holders of any legal estate subject to a contract for deed. *Minnesota Wood Specialties, Inc. v. Mattson*, 274 N.W.2d 116, 119 (Minn.1978). However, the courts have not interpreted this statute to require service upon every person with an ownership interest in order to preserve the lien right. *Id.*

The notice of mechanic's lien filed August 19, 1983, was served only on Vandenberg. Cox did not serve either the bank or Richard Warren, who still held the legal title to the property. However, the failure to serve the bank and Warren is not sufficient to invalidate the lien under the statute nor under *Minnesota Wood.*

Cox met the requirement of section 514.08 by serving notice on Vandenberg, the equitable owner in possession and the party with whom he contracted.

### II

Minnesota's mechanic's lien statute codifies the common law rule: a mechanic's lien attaches when "the first item of material or labor is furnished," but only takes priority over mortgages not yet recorded. Minn.Stat. § 514.05 (1982). *See also C.S. McCrossan v. Builders Finance Co.*, 304 Minn. 538, 232 N.W.2d 15 (1975); *Tagtow v. Carlton Bloomington Dinner Theatre, Inc.*, 379 N.W.2d 557, 563 (Minn.Ct.App. 1985) (prior mortgage takes priority over a subsequent mechanic's lien).

■ As an exception to the general rule, a merger of legal and equitable interests in the land may subordinate the mortgagee's interest to the mechanic's lien if the court finds that the party who holds the fee interest intended this result. *Lampert Yards v. Thompson–Wetterling Construction & Realty, Inc.*, 302 Minn. 83, 88–89, 223 N.W.2d 418, 422 (1974); *Geissinger v. Robins*, 274 Minn. 215, 219, 143 N.W.2d 50, 53 (1966).

■ Under the general rule, the bank's mortgage, recorded on November 20, 1981, takes priority over Cox's mechanic's lien, which did not attach until he started work on the bait shop property in May 1983.

The bank did not lose its priority over the mechanic's lien by merger when it foreclosed on Vandenberg's interest in the property, because it gained only equitable title at that time.[2] Legal title did not vest in the bank until a court ordered Warren to transfer his interest in June 1986. In addition, the court made no findings on any intention of the bank to extinguish its interest as mortgagee. Absent such findings, the trial court's subordination of the mortgage is contrary to the holdings of *Lampert Yards* and *Geissinger.*

**2.** In its memorandum to the trial court, the bank argued that the mortgage foreclosure action in September 1985 extinguished Cox's me-

chanic's lien. The trial court did not rule on this claim, and the bank did not raise it on appeal.

The trial court's memorandum appears to say that the bank's knowledge of the improvements to the property prior to its "subsequently acquired interest" was sufficient to subordinate its mortgage to Cox's lien. Under *Geissinger*, the bank's knowledge, even if coupled with consent to the improvements, is clearly insufficient to subordinate its interest to the subsequently filed mechanic's lien.

Nor does the doctrine of unjust enrichment require that the bank's mortgage be subordinated to the mechanic's lien. The bank's mortgage, as well as Cox's construction claims, are valid debts. The fact that the bank benefits from the efforts of Cox does not necessarily mean that the bank has been unjustly enriched. *First National Bank of St. Paul v. Ramier*, 311 N.W.2d 502, 504 (Minn.1981); *see also Skjod v. Hofstede*, 402 N.W.2d 839, 840–41 (Minn.Ct.App.1987). The doctrine of unjust enrichment was not created to protect parties from their own bad bargains. *Cady v. Bush*, 283 Minn. 105, 110, 166 N.W.2d 358, 362 (1969).

### DECISION

We affirm the validity of the lien, but reverse the trial court's holding that it is superior to the mortgage.

Reversed.