## C. S. McCROSSAN, INC. v. BUILDERS FINANCE COMPANY AND OTHERS.

232 N. W. 2d 15.

July 18, 1975—No. 45091.

*Shear & Rooney* and *Thomas J. Rooney,* for appellant.

*Best, Flanagan, Lewis, Simonet & Bellows* and *N. Walter Graff,* for respondent.

Heard before Rogosheske, Todd, MacLaughlin, Yetka, Scott, and Chanak, JJ., and considered and decided by the court en banc.

SCOTT, JUSTICE.

This is an appeal from an order of the Hennepin County District Court, entered after a consolidated trial of a proceeding subsequent to initial registration of land and a mechanics lien foreclosure, which determined that the rights of respondent Builders Finance Company as mortgagee and purchaser at mortgage foreclosure sale are "superior and prior to the mechanics lien rights of C. S. McCrossan, Inc." with regard to five lots. It is from this determination that McCrossan appeals. We affirm.

The sole issue presented for our consideration is whether a mortgage, properly registered and memorialized under the Torrens Act against certain land, the memorial of which the registrar omitted through error to carry forward onto a subsequent certificate of title, retains its priority over a later mechanics lien where said omission occurred subsequent to the fur-

nishing of the first and last items of labor and material by the lienholder, but prior to the filing of the lien statement.

The facts of record thus place at issue the priority of secured claims and the effect of a clerical error upon this priority. Builders Finance Company (Finance) is the mortgagee and holder of a power of sale mortgage which secured construction financing provided by Finance to the owner and developer of two large registered land survey tracts, Nelson Land & Realty Company. The mortgage of Finance, dated October 18, 1968, was properly filed and registered with the Hennepin County registrar on October 22, 1968. Title to all property had previously been registered in compliance with Torrens registration requirements, Minn. St. c. 508. At the time of this registration, no improvements had been commenced.

McCrossan commenced its work on the improvements covered by the mechanics lien on May 23, 1969, and completed it on August 16, 1969. On September 30, 1969, McCrossan received $10,000 from Finance in partial payment of the total value of its services of $25,815.90 for the blacktopping of the streets on the tracts of land involved.

On October 2, 1969, at the direction of the owner, Nelson, the single certificate of title for the entire property was "split," i.e., it was canceled and 32 new certificates of title covering lots in the tracts were issued by the registrar. The registrar failed to memorialize the mortgage of Finance on seven of the certificates. Five of the seven lots covered by these newly issued certificates are involved in these actions.

McCrossan filed and registered its mechanics lien for the above work on November 14, 1969. Subsequently, as the mortgage in the amount of $188,546.94 was in default, McCrossan commenced a mechanics lien foreclosure proceeding. At this time, the clerical error was first noticed and, on May 6, 1970, the mortgage of Finance was memorialized out of sequence on the five subject certificates of title as follows: "October 22, 1968 Reentered May 6, 1970."

The Finance mortgage was foreclosed by advertisement, with a sale on August 22, 1972. McCrossan had full knowledge of this foreclosure. Finance successfully bid at the sale and a record was memorialized on all certificates. No redemption was made during the one-year statutory period.

Upon agreement of counsel, the lower court consolidated for trial the mechanics lien foreclosure commenced by the appellant McCrossan and the petition by Finance for new certificates of title pursuant to Minn. St. 508.58. The trial court found that the first filing of the mortgage of Finance on October 22, 1968, was prior to the actual and visible beginning of improvements on the lots in question. It concluded that McCrossan was entitled to judgment on its lien claim in the amount of $15,911.63, but subject to the prior claim of Finance. The court further found that the registrar's error did not cause any loss to McCrossan, because the latter had not relied upon the state of the record title in performing the services and furnishing the material for which it claimed a lien.

The contentions of the parties are self-explanatory. McCrossan asserts that inasmuch as the mortgage was not noted as a memorial upon the five subject certificates, it was not "registered" from the period of October 2, 1969, to May 6, 1970. The appellant concedes that had no error been made or no new certificates been issued, the mortgage of Finance would have priority over McCrossan's mechanics lien claim.

The respondent maintains, on the other hand, that since the mortgage was first properly registered prior to the commencement of any improvement by the mechanics lienor, that act of registration gave it effect from that time. Further, Finance contends, even if this first registration is not determinative, the notice to McCrossan prior to the commencement of its improvements is sufficient to vitiate any reliance by McCrossan upon the certificates of title to establish the priority of its claim. Finally, Finance relies upon the following facts to support its theory of lack of reliance by the lienor: On the date the me-

chanics lien attached, May 23, 1969, the mortgage was properly filed, registered, and memorialized on the existing certificate of title; the last item of work was completed on August 16, 1969, a date prior to the making of the error; and finally, that before the error was made, McCrossan had received partial payment for its services from Finance, as mortgagee, so as to give McCrossan actual notice that there was an outstanding mortgage prior in right to the mechanics lien.

The issues raised necessitate integration and interpretation of the relationship of the following statutes:

Minn. St. 508.34, which provides:

"Immediately upon the filing of the decree of registration with the registrar, he shall proceed to register the title pursuant to the terms of the decree in the manner herein provided. He shall keep a book known as the 'Register of Titles,' wherein he shall enter all first and subsequent certificates of title by binding or entering them therein in the order of their numbers, beginning with number one. The entering of the certificate of title in the register of titles shall constitute the act of registration. The term 'certificate of title' shall be deemed to include all memorials and notations thereon, and each certificate of title shall contain proper blanks for the entry of the memorials and notations thereon. Each certificate shall constitute a separate page of such book, and all memorials and notations that may be entered by the registrar shall be entered by him upon the page whereon the latest certificate of title is entered."

Minn. St. 508.54, which provides:

"The owner of registered land may mortgage the same by deed or other instrument sufficient in law for that purpose and such mortgage or other instrument may be assigned, extended, discharged, or released, either in whole or in part, or otherwise dealt with by the mortgagee by any form of deed or instrument sufficient in law for the purpose. Such deed, mortgage, or other instrument, and all instruments assigning, extending, discharging,

releasing, or otherwise dealing with the same, *shall be registered and take effect upon the title only from the time of registration.*" (Italics supplied.)

Minn. St. 508.55, which provides in part:

"The registration of a mortgage shall be made in the following manner: The owner's duplicate certificate shall be presented to the registrar, together with the mortgage deed, or other instrument to be registered, and the registrar *shall enter upon the original certificate of title and also upon the owner's duplicate certificate a memorial of the purport of the instrument registered,* the exact time of filing, and the file number of same. He shall also note upon the registered instrument the time of filing and a reference to the volume and page where it is registered." (Italics supplied.)

And, finally, Minn. St. 514.05, which provides in part:

"All such liens, as against the owner of the land, *shall attach and take effect from the time the first item of material or labor is furnished upon the premises for the beginning of the improvement, and shall be preferred to any mortgage or other encumbrance not then of record, unless the lienholder had actual notice thereof.*" (Italics supplied.)

The appellant further contends that the holdings of the cases of Moore v. Henricksen, 282 Minn. 509, 165 N. W. 2d 209 (1968), and Murphy v. Borgen, 148 Minn. 375, 182 N. W. 449 (1921), are directly determinative. However, a reading of the two cases indicates that they are distinguishable because they concern unregistered rights in land. To hold that the clerical error of failing to memorialize a registered and filed mortgage has the same effect as never having registered or filed at all would create an unwarranted burden upon the holder of a mortgage against registered land to continually inspect the state of his interest.

Minn. St. 514.05, quoted above, provides the time when a mechanics lien shall attach and further states that it "shall be

preferred to any mortgage or other encumbrance *not then* of record, unless the lienholder had actual notice thereof." What the statute contemplates is that the priority issue may be determined as of the date of the beginning of the first improvement. A review of the relevant dates evidences that the mortgage was adequately registered, filed, and memorialized on the certificates of title on May 23, 1969, the date McCrossan began making the improvement. Further, completion of the improvement and partial payment by the mortgagee occurred before the error which precipitated the controversy.

We are mindful of the purpose behind Torrens registration, that the certificate, including the memorials thereon, be made conclusive evidence of all matters contained therein. Our holding is therefore of strictly limited application. However, upon the particular facts presented here, we hold that a mortgage properly registered and memorialized under the Torrens Act, the memorials of which the registrar neglected through error to carry forward onto a subsequent certificate of title, retains its priority over the instant mechanics lien, where said omission occurred subsequent to the furnishing of the first and the last items of labor and materials by the lienholder, who did not rely on the record title in furnishing such labor and materials and who had actual knowledge of a financial interest of the mortgagee prior to the date the omission occurred.

Affirmed.