IMPERIAL DEVELOPERS,
INC., Plaintiff,

v.

CALHOUN DEVELOPMENT,
LLC, Respondent.

Regal Custom Homes, Inc.,
et al., Defendants,

Lind Homes, Inc., Respondent,

Thompson Plumbing Corp.,
Respondent,

Great Northern I, Inc., Respondent,

Southview Design & Construction,
Inc., Respondent,

BankFirst, Appellant,

The Woodshop of Avon, Inc., additional
defendant, Respondent,

Scherer Bros. Lumber Co., intervening
defendant and third-party
plaintiff, Respondent,

v.

Matthew Lind, et al., Third–
Party Defendants,

Simonson Lumber of Ham Lake,
Inc., Third–Party Plaintiff,

v.

Contractors Capital Corporation, et
al., Third–Party Defendants.

No. A08–1883.

Supreme Court of Minnesota.

Oct. 28, 2010.

Ann O'Reilly, David B. Gates, Levander, Gillen & Miller, P.A., South St. Paul, MN, for respondent Southview Design & Construction, Inc.

Brian M. Sund, Ryan R. Dreyer, Kathleen M. Ghreichi, Morrison Fenske & Sund, P.A., Minnetonka, MN, for appellant BankFirst.

Thomas M. Zappia, Anne T. Behrendt, Zappia & LeVahn, LTD., Fridley, MN, for respondent Scherer Bros. Lumber Co.

Teresa Rice, Eden Prairie, MN, for amicus curiae Minnesota Bankers Association.

## OPINION

ANDERSON, G. BARRY, Justice.

This appeal involves a foreclosure priority dispute between a mortgagee and two mechanic's lien holders in the context of Torrens property. The arguments of the parties center on when a mortgage is "of record" under Minn.Stat. § 514.05 (2008), an issue of first impression in Minnesota. That statute requires a mortgage to have been "of record" at the time a mechanic's lien attaches in order to have superior priority to the lien. Respondent lien-holders contend that "of record" means that a mortgage against Torrens property has been both filed and memorialized on the Torrens certificate (i.e., "registered"). *See* Minn.Stat. § 508.55 (2008). Appellant BankFirst contends that a mortgage against Torrens property is "of record" when it is filed with the county registrar of titles. The district court concluded that BankFirst's construction was correct. A divided court of appeals panel concluded the opposite and overturned the district court. We granted BankFirst's petition for review and now reverse.

This dispute concerns Lot 4 of a residential subdivision known as Edenvale Highlands, located in Eden Prairie. Lot 4, as well as the rest of the lots in the subdivision, are registered as Torrens property with the Hennepin County Registrar of Titles.

On June 27, 2005, developer Calhoun Development, LLC, conveyed Lot 4 and two other lots in the subdivision by warranty deed to builder Lind Homes, Inc. The warranty deed was filed with the Registrar on June 28, 2005.

Lind Homes conveyed a mortgage on Lot 4 and the two other lots to appellant BankFirst on June 27, 2005. BankFirst's mortgage was filed with the Registrar on June 28, 2005; the mortgage document was stamped with the date and assigned a document number. Apparently by mistake, the Registrar did not memorialize BankFirst's mortgage on the Torrens certificate for Lot 4, nor did the Registrar issue a new Torrens certificate for Lot 4 that reflected BankFirst's mortgage interest.

Lind Homes, as owner of Lot 4, acted as general contractor in the construction of a home on that lot. Lind Homes hired respondent Scherer Brothers Lumber Co. to provide lumber and other materials for construction. Lind Homes also hired respondent Southview Design & Construction, Inc., to landscape Lot 4.

When the Southview and Scherer Brothers mechanic's liens attached, the Torrens certificate for Lot 4 had been filed with the Registrar but still contained no memorialization of BankFirst's mortgage interest. But, after issuing and cancelling several more apparently erroneous Torrens certificates for Lot 4, the Registrar finally issued a correct Torrens certificate for Lot 4 on September 20, 2006. The September 20 Torrens certificate memorialized BankFirst's mortgage interest in Lot 4 as having a "Date of Registration" of June 28, 2005, the day BankFirst filed its mortgage with the Registrar.

A house was eventually built on Lot 4, but Lind Homes defaulted on its mortgage to BankFirst and failed to pay several of its subcontractors. In October 2006, Im-

perial Developers, Inc., one of the subcontractors, commenced a mechanic's lien foreclosure for several lots, including Lot 4. Southview and Scherer Brothers each cross-claimed to foreclose their mechanic's liens for improvements made to Lot 4. BankFirst also cross-claimed to foreclose its mortgage on Lot 4.

In November 2007, BankFirst, Southview, and Scherer Brothers each brought motions for summary judgment and partial summary judgment, seeking a determination of the relative priorities of their interests in Lot 4. The district court concluded that BankFirst's mortgage was superior to both the Southview and Scherer Brothers mechanic's liens because BankFirst's mortgage was registered within the meaning of section 508.55, when filed with the Registrar (which occurred before the mechanic's liens attached) rather than when that filing was memorialized on the Torrens certificate for Lot 4 (which occurred after the mechanics liens attached).

The court of appeals reversed the district court's priority determination, holding that BankFirst's mortgage was not "of record" until it was memorialized on the certificate of title, and that, therefore, the Southview and Scherer Brothers mechanic's liens were superior to BankFirst's mortgage. *Imperial Developers, Inc. v. Calhoun Dev., LLC*, 775 N.W.2d 895, 905 (Minn.App.2009). We granted BankFirst's petition for review.

■ There is one issue before us on review: whether BankFirst's mortgage was "of record," within the meaning of Minn.Stat. § 514.05, before respondents' mechanic's liens attached and thus was of superior priority. Because the parties do not dispute the relevant facts, and because this issue involves only the legal question of statutory interpretation, review is de novo. *Ryan v. ITT Life Ins. Corp.*, 450 N.W.2d 126, 128 (Minn.1990). The object of all statutory construction is to effectuate the intent of the legislature. Minn.Stat. § 645.16 (2008).

■ The relative priority of mechanic's lien interests in Torrens property is controlled by Minn.Stat. § 514.05, subd. 1, which states:

All liens, as against the owner of the land, shall attach and take effect from the time the first item of material or labor is furnished upon the premises for the beginning of the improvement, and shall be preferred to any mortgage or other encumbrance not then of record, unless the lienholder had actual notice thereof.

BankFirst concedes that neither Southview nor Scherer Brothers had actual notice of BankFirst's mortgage at the time their mechanic's liens attached. Thus, the only question is whether BankFirst's mortgage was "of record" when the liens attached.

BankFirst argues that its mortgage was "of record" within the meaning of section 514.05, subdivision 1, when it filed its mortgage document with the Registrar on June 28, 2005. Because June 28, 2005, is earlier than the date the Scherer Brothers and Southview mechanic's liens attached, BankFirst asserts that its mortgage has priority. Scherer Brothers and Southview contend that a mortgage interest in Torrens property only becomes "of record" after it is both filed and memorialized on the Torrens certificate, and is thus registered. BankFirst's mortgage was not memorialized on the Lot 4 Torrens certificate until September 20, 2006, after the mechanic's liens had attached, and thus the lien claimants assert priority over the mortgage.

Section 514.05, subdivision 1 applies to both Torrens and abstract property. But the meaning of "of record" is not the same

in both contexts. In the context of abstract property, the meaning of "of record" is clear; it means the mortgage has been duly recorded under Minn.Stat. ch. 507 (2008), which deals extensively with the meaning of "recording." But the Torrens statutes speak in terms of registration. *See* Minn.Stat. ch. 508 (2008) (stating the title of the chapter is "Registration, Torrens"); Minn.Stat. § 508.01 (2008) ("Real estate in this state may be registered under the provisions of this chapter in the manner herein provided."); *see also* 25 Eileen M. Roberts, *Minnesota Practice— Real Estate Law* § 3:1 (2009) (stating the abstract system is known as the recording system, and the Torrens system is known as the registration system).

In the context of Torrens property, a *mortgage interest in land takes effect only* from the time of registration. Minn.Stat. § 508.54 (2008). Minnesota Statutes § 508.55 states that registration

> shall be made in the following manner: The mortgage deed or other instrument to be registered shall be presented to the registrar, and the registrar shall enter upon the certificate of title a memorial of the instrument registered, the exact time of filing, and its file number.

Southview and Scherer Brothers assert, and the court of appeals held, that an interest in land is not "of record" in the context of Torrens property until it is both filed and memorialized on the certificate of title. In other words, the court of appeals and the respondents treat the two terms— "of record" and "registered"—as synonyms. We disagree that the two terms are synonymous. Rather, we conclude that, in the context of Torrens property, a mortgage is "of record" under the plain

language of section 514.05, subdivision 1, when it is filed with the registrar, date and time stamped, and issued a document number.

We so conclude for two reasons. First, the Legislature has given some guidance on the meaning of "recorded" or "filed for record." Under Minn.Stat. § 645.44, subd. 9 (2008):

> When an instrument in writing is required or permitted to be filed for record with or recorded by any officer, the same imports that it must be recorded by such officer in a suitable book kept for that purpose, unless otherwise expressly directed.

The meanings of terms provided in section 645.44 apply throughout Minnesota Statutes "unless another intention clearly appears." Minn.Stat. § 645.44, subd. 1 (2008). Further, *Black's Law Dictionary* defines the verb form of "record" as follows: "To deposit (an original or authentic official copy of a document) with an authority...." *Black's Law Dictionary* 1388 (9th ed.2009).

The definition in section 645.44 and the *Black's* definition of "record" mirrors the reality of what takes place when a mortgage interest in Torrens property is presented to the registrar for filing. The registrar date and time stamps the mortgage document, assigns it a document number, and files it in order of document number. That instrument is then of public record and is searchable by document number, even before memorialization on the Torrens certificate.[1] In contrast, section 508.55 describes what it means for a mortgage to be *registered* in the context of Torrens property: the mortgage document

1. This is similar to the context of abstract property where an instrument is considered recorded as of the time the county recorder endorses the instrument, and not when indexing is completed. Minn.Stat. § 386.41 (2008); *MidCountry v. Hinshaw,* 782 N.W.2d 238 (Minn.2010).

must be filed *and* the registrar must memorialize on the Torrens certificate the time of filing and document number of the mortgage document.

We construe "record" to mean the first step of the registration process rather than the process as a whole, which already has a name: registration. In other words registration is made up of two steps: first the mortgage document is filed, which renders a mortgage document "of record," and second, the record document is memorialized on the certificate of title.

Further, a construction of the term "of record" in section 514.05, subdivision 1, as synonymous with the term "registered" leads to an absurd and unreasonable result in violation of Minn.Stat. § 645.17(1) (2008) ("[T]he legislature does not intend a result that is absurd ... or unreasonable...."). As the court of appeals dissent notes, if mortgage interests are not "of record" until they are memorialized on the Torrens certificate (i.e., at the time of registration), then "the resolution of [Torrens] priority disputes will depend on the availability of information regarding the exact date and time that instruments are memorialized on [the Torrens] certificate." *Imperial Developers,* 775 N.W.2d at 907 (Schellhas, J., dissenting). But this information is not recorded anywhere. Rather, Torrens certificates must list the date and time of *filing* of property interests. *See* Minn. Stat. § 508.55 (requiring the registrar to list the time of *filing* and document number on a Torrens certificate). If the Legislature had intended the relative priority of liens and mortgages to be determined by time of memorialization, it would have mandated the time of memorialization to be noted. Instead, the Legislature required the time of filing to be noted, which indicates the Legislature intended priority to be determined by the time of filing, date

and time stamping, and assignment of a document number.

For the foregoing reasons we conclude that, under the plain meaning of section 514.05, a mortgage interest is "of record" under subdivision 1 when it is filed with the registrar, date and time stamped, and issued a document number.

Sound public policy strongly favors this "of record" construction. As BankFirst, the amicus, and the court of appeals dissent all note, a holding that the relative priorities of mechanic's liens and mortgages is dictated by when a mortgage is registered rather than when it is filed will likely lead to negative results. A mortgagee has control of the timing of filing mortgage documents. But a mortgagee has absolutely no control over when those documents are memorialized. In this case, possibly due to error by the Registrar, nearly 15 months passed between the time of BankFirst's filing and the memorialization of its mortgage on the Torrens certificate.

Banks will likely be reluctant to issue construction loans if they cannot ensure that their interests will be superior to potential mechanic's lien claimants. The common industry practice is for mortgagees to take photographs of the potential construction site on the day they file their mortgage documents in order to ensure that there are no visible improvements to the property and thus no subcontractors will have higher priority lien claims in the future. *See* Minn.Stat. § 514.05, subd. 1; *Reuben E. Johnson Co. v. Phelps,* 279 Minn. 107, 111, 156 N.W.2d 247, 250 (1968); *Suburban Exteriors, Inc. v. Emerald Homes, Inc.,* 508 N.W.2d 811, 812 (Minn.App.1993). If a mortgage has guaranteed priority only on the day it is memorialized and thus registered, banks will be faced with the awkward, if not unworkable, requirement of daily visits to the registrar to see if registration has been finalized.

Banks would then have the incentive to stop issuing construction loans, or to issue such loans only with additional security or at much higher interest rates to compensate for the increased risks. Further, as discussed above, Torrens certificates do not reflect the date and time when an interest was memorialized and registration thus finalized, so if priority is determined by time of registration, priority disputes will be much more difficult, if not impossible, to litigate in the future.[2] These possibilities of negative consequences that flow from affirming the court of appeals are compelling, and bolster our conclusion to reverse.

In sum, a mortgage document is "of record" under Minn.Stat. § 514.05, subd. 1, when it is filed with the registrar, date and time stamped, and assigned a document number. This construction of the term comports with the plain meaning of the statute, best effectuates the apparent intent of the Legislature, and is bolstered by sound public policy. Because the Bank-First mortgage was of record before the Southview or Scherer Brothers mechanic's liens attached, the mortgage has priority in a foreclosure proceeding.

Reversed.[3]

ANDERSON, PAUL H., J, took no part in the consideration or decision of this case.

STRAS, J., not having been a member of this court at the time of the argument and submission, took no part in the consideration and decision of this case.

---

2. Southview and Scherer Brothers argue that public policy supports their favored construction because BankFirst may have a remedy under the Torrens general assurance fund established by Minn.Stat. § 508.76 (2008). Section 508.76, subdivision 1, states: "Any person who, without negligence on that person's part, sustains any loss or damage by reason of any omission, mistake or misfeasance of the registrar ... in the performance of [the registrar's] duties under this law ... may institute an action ... to recover compensation out of the general fund for such loss or damage." But this argument is unconvincing. It is not certain that BankFirst would be able to recover under this statute, because it is not certain that the delay in their registration was caused by omission, mistake, or misfeasance, or simply represents the normal course of events at the Registrar. Further, even if there was an omission, mistake or misfeasance in this case, there is normal delay that occurs between filing and registration. A bank adversely affected by that delay would likely have no remedy under section 508.76.

3. Because we reverse, we need not address BankFirst's alternative argument.